Case 6:21-cv-00031 Document 20 Filed on 10/01/21 in TXSD Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
October 01, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| KEVIN PAUL CARTER, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 6:21-CV-31 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

*Pro se* Petitioner, Kevin Paul Carter, is a state prisoner seeking relief pursuant to 28 U.S.C. § 2254, challenging his 2017 Victoria County conviction for manslaughter. (D.E. 1). Pending is Respondent's Motion for Summary Judgment filed on September 3, 2021. (D.E. 19). Petitioner failed to file a response. Therefore, Respondent's Motion for Summary Judgment may be considered unopposed in accordance with the local rules. However, the undersigned has considered the merits of the pending Motion as Petitioner is proceeding *pro se*. For the reasons stated below, it is respectfully recommended the Court **GRANT** Respondent's Motion for Summary Judgment (D.E. 19) and **DISMISS** this action as time barred. The undersigned further recommends the Court **DENY** a Certificate of Appealability.

**I.    JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241 and 2254. A habeas action may be filed either in the district where

petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000). Jurisdiction and venue are proper in this Court because Petitioner was convicted within the Victoria Division of the Southern District of Texas. *Id.*; 28 U.S.C. § 124(b)(5). This case has been referred to the undersigned pursuant to 28 U.S.C. § 636.

**II.   BACKGROUND**

On April 3, 2017, Petitioner was found guilty of manslaughter after a jury trial in the 377th District Court of Victoria County and was sentenced to 75 years imprisonment as a habitual offender. (D.E. 14-10, Pages 119-120).[1] Petitioner filed an appeal and on April 5, 2018, the Thirteenth Court of Appeals of Texas affirmed the trial court's judgment. (D.E. 14-14 and D.E. 14-15). Petitioner filed a Petition for Discretionary Review which was refused by the Texas Court of Criminal Appeals ("CCA") on August 22, 2018. (D.E. 14-17; D.E. 14-18 and D.E. 14-26); *Carter v. State*, No. PD-0414-18 (Tex. Crim. App. 2018). Over a year later, Petitioner filed a state habeas application on October 3, 2019 which was denied on September 2, 2020 without written order on findings of trial court and on the court's independent review of the record. (D.E. 14-29 and D.E. 14-50, Pages 6 and 21). On September 21, 2020 Petitioner filed a Motion for Reconsideration, received by the CCA on October 8, 2020 and dismissed on October 13, 2020. (D.E. 14-41). Petitioner then filed a second state habeas application on November

---

[1] Petitioner was driving a car while intoxicated with his fiancé as a passenger. (D.E. 14-14, Page 2). Speeding 20 to 30 miles over the limit, Petitioner struck a tree, causing his fiancé to suffer fatal injuries at the scene. (D.E. 14-14, Pages 2-3).

2, 2020 which was dismissed with written order on March 10, 2021 as a subsequent application. (D.E. 14-51 and D.E. 14-55, Page 20). Petitioner then filed this federal habeas action on or about June 6, 2021. (D.E. 1 and D.E. 2, Pages 37-38).[2]

### III. RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Respondent asserts this action should be summarily dismissed as time barred. The undersigned agrees. Petitioner's habeas petition is not timely filed pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA") which establishes a one-year statute of limitations period runs from the latest of four alternative dates:

(A) the date on which the judgment become final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This period is tolled during the time a petitioner properly files for state post-conviction writ review. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of

---

[2]Petitioner did not sign or date his federal petition. (D.E. 1, Page 10). However, he signed and dated his memorandum in support on June 6, 2021. (D.E. 2, Pages 37-38). The Petition and the Memorandum were mailed on June 11, 2021 and received by the Court on June 14, 2021. (D.E. 1, Page 1 and D.E. 1-1).

limitation under this subsection.") Petitioner filed his current petition after the effective date of AEDPA and so is subject to its provisions. *Lindh v. Murphy*, 521 U.S. 320 (1997).

Petitioner did not file a petition for writ of certiorari and therefore, his conviction became final on November 20, 2018, when the time for filing a petition for writ of certiorari expired 90 days after his PDR was refused on August 22, 2018. *See* 28 U.S.C. § 2244(d)(1)(A); *Bradshaw v. Davis*, 736 F. App'x 457, 459-61 (5th Cir. 2018). As such, Petitioner had one year, until November 20, 2019, to timely file a federal application for habeas corpus relief. However, Petitioner filed his first state habeas application on October 3, 2019 and it was denied on September 2, 2020 and therefore, the limitations period was tolled during this time extending the deadline to October 20, 2020.[3] Petitioner's second state habeas application filed on November 2, 2020, after the

---

[3] Respondent does not mention or include Petitioner's Motion for Reconsideration in the pending Motion for Summary Judgment. Texas law provides that "[a] motion for rehearing an order that denied habeas corpus relief ... may not be filed." Tex. R. App. P. 79.2(d). However, the CCA has entertained such motions on its own initiative. *Emerson v. Johnson,* 243 F.3d 931, 934 (5th Cir. 2001). Therefore, the Fifth Circuit has held a properly filed motion for reconsideration or rehearing in a state habeas case tolls the running of the federal limitations period "as long as the Texas courts take to resolve the motion." *Lookingbill v. Cockrell,* 293 F.3d 256, 261-62 (5th Cir. 2002); *Emerson,* 243 F.3d at 935 (holding that properly filed motions for reconsideration of the denial of a state habeas petition filed within the federal limitations period toll). A motion for rehearing is considered timely if it is filed with the CCA clerk within 15 days from the date of the judgment or order. Tex. R. App. P. 79.1. Therefore, the undersigned recommends Petitioner's Motion for Reconsideration did not toll the limitations period because it was filed, at the earliest on September 21, 2020, 19 days after the denial of his state habeas petition. (D.E. 14-41, Page 2). It was received by the CCA clerk on October 8, 2020. (D.E. 14-41).

The undersigned further notes Respondent calculates the deadline as October 21, 2020. However, the undersigned recommends the correct deadline is October 20, 2020.

limitations period ended, did not toll the limitations period. *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (State habeas petition filed outside of one year period "did not statutorily toll the limitation clock.")  Petitioner filed the pending federal habeas petition on June 6, 2021, over seven months too late. 28 U.S.C. §2244(d).[4]

However, the one-year period of limitations in § 2244(d)(1) of AEDPA is not a jurisdictional bar and can be equitably tolled in rare and exceptional circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *Umana v. Davis*, No. 18-20127, 2019 WL 5106366, at *2-3 (5th Cir. Oct. 11, 2019).  A petitioner is entitled to equitable tolling if he shows he has been pursuing his rights diligently and some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted); *see also Palacios*, 723 F.3d at 604 (citing *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) (citations omitted)).  "[N]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Id*.; *See also Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (citing *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) (It is "clear that a lack of knowledge of the law, however understandable it may be, does not ordinarily justify equitable tolling.") (citation omitted).  Nor does unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason) or lack of representation during the applicable filing period merit equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 393 (5th Cir. 1999) (citation omitted).

---

[4] The undersigned notes that even if Petitioner's Motion for Reconsideration and second state habeas application tolled the limitations period, this action would still be time barred by several months given Petitioner's initial delay in seeking state habeas relief.

In this case, Petitioner has not shown any valid basis upon which to equitably toll the statute of limitations. The fact he missed the filing deadline by only seven months is not in itself grounds for equitable tolling of the limitations period. *Lookingbill*, 293 F.3d 256, 264-65 (5th Cir. 2002) (finding four-day delay in filing a federal habeas petition by a death row inmate did not justify equitable tolling); *Houston v. Stephens*, No. H-14-2871, 2015 WL 1519083, at *3-4 (S.D. Tex. March 31, 2015) (Habeas petitioner was not entitled to equitable tolling because he filed his federal petition only eight days after limitations period ended); *Espinoza v. Dir., TDCJ-CID*, CIV.A. 6:08-cv-92, 2009 WL 961173, at *4 (E.D. Tex. Apr. 8, 2009) (finding that "the fact [petitioner] filed his federal habeas corpus petition only four days after the limitations period expired does not itself offer any basis for relief, equitable or otherwise [because] [t]he Fifth Circuit has specifically held that the limitations period represents a bright line, and that the deadline cannot be adjusted merely because petitioner missed it by only a few days) (citation omitted).

Petitioner acknowledges his petition is untimely. (D.E. 1, Page 9). However, he alleges "waves of COVID rampaged my life with uncertainties and traumatized my focus seriously" and "all access around cease[d] [making] it impossible to pursue" his legal remedies. (D.E. 1, Page 9). In short, Petitioner asserts equitable tolling is justified due to the "extraordinary circumstances" presented by the COVID-19 pandemic during the limitations period. However, Petitioner offers no argument as to specifically how COVID-19 mandates or illness impeded his ability to comply with the statute of limitations.

Lack of access to a law library may in some circumstances toll the one-year limitations period. *Egerton v. Cockrell*, 334 F.3d 433, 438-39 (5th Cir. 2003). However, to toll the limitations period, the lack of library access must have actually prevented the prisoner from filing his habeas petition. *Krause v. Thaler*, 637 F.3d 558, 561-62 (5th Cir. 2011). In this case, Petitioner has not presented any evidence that diminished access to law library materials actually prevented him from timely filing his federal petition. *Ramos v. Lumpkin*, No. SA-20-CA-01448-FB, 2021 WL 3410314, at * 3 (W.D. Tex. Aug. 4, 2021) ("As the majority of Petitioner's limitations period took place prior to the initiation of any COVID-19 protocols, his arguments regarding intermittent library access as a result of COVID-19 do little to explain why Petitioner could not have filed the instant petition earlier.") Additionally, the § 2254 form petition does not require a petitioner to analyze or cite case law.

Further, courts in this Circuit have repeatedly found that prison lockdowns, including COVID-19 related lockdowns, that occur during the one-year limitations period do not justify equitable tolling. *Cruz v. Lumpkin*, No. 4:21-CV-610-P, 2021 WL 3710568, at * 2-3 (N.D. Tex. Aug. 18, 2021) (Intermittent lockdowns, limited access to the prison law library and an inability to obtain legal assistance because of COVID-19 pandemic procedures did not prevent petitioner from filing a federal habeas petition and are therefore not grounds for equitable tolling); *Ramos*, 2021 WL 3410314, at * 3 (Delays in accessing library materials because of COVID-19 protocols and lockdowns do not constitute an "extraordinary circumstance" which prevented Petitioner from timely filing his federal habeas petition); *United States v. Pizarro*, No. CR 16-63, 2021 WL 76405, at

*2 (E.D. La. Jan. 8, 2021) (finding a COVID-19 lockdown which "impeded [Petitioner's] access to the facility's law library" did not justify equitable tolling as it did not actually prevent the petitioner from timely filing his habeas petition); *Coppin v. United States*, 3:10-CR0345-K91, 2018 WL 1122175, at *4 (N.D. Tex. Mar. 1, 2018) (A series of institutional lockdowns did not constitute an extraordinary circumstance to warrant equitable tolling); *Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011) (Temporary denial of access to research materials and inadequacies in the prison law library were not extraordinary circumstances sufficient to warrant equitable tolling).

Petitioner does not provide any information about the specific dates when his unit was in lockdown or when he was denied access to law library materials as a result. He further gives no details as to the length of any alleged illness other than "Not being able to taste or smell for as many as 7 days didn't seem right" and "struggl[ing] with symptoms." (D.E. 1, Page 9). The undersigned declines to infer that it was from prior to October 20, 2020, when the statute of limitations expired, to over seven months later when Petitioner filed this habeas petition. Further, Petitioner's ability to file two state habeas petitions and related motions and requests during this period suggests his ability to seek relief from the Court was not actually obstructed by any lockdown or illness. Additionally, he could have sought state habeas relief immediately after his PDR was denied in 2018, well before the current pandemic. Instead, he waited until he had less than two months remaining during the one-year limitations period to seek federal habeas relief to file his first state habeas petition. *Schimtt v. Zeller*, 354 F. App'x 950, 951-52 (5th Cir. 2009) ("[A] component of the obligation to pursue rights diligently is not to wait

until near a deadline to make a filing, then seek equitable tolling when something goes awry," denying tolling after Petitioner "delayed approximately ten months after his conviction was final before applying for state habeas relief.") (citation omitted). Petitioner also references an undated "Artic freeze" further delayed his filing. (D.E. 1, Page 9). However, the historic cold weather in Texas in February 2021 occurred months after the expiration of the limitations period and Petitioner gives no argument as to how it caused any delay.

Petitioner was not diligent in pursuing his rights, delaying over seven months past the deadline to pursue his federal habeas remedy. Further, Petitioner has failed to demonstrate the relatively ordinary occurrence of prison lockdowns or inclement weather became an extraordinary circumstance that prevented the timely filing of his petition. While it may have been more difficult to complete and file his federal habeas petition, the undersigned recommends the COVID-19 pandemic and any inclement weather did not prevent Petitioner from timely seeking § 2254 relief. Additionally, Petitioner's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. Lastly, Petitioner's claim is based upon evidence that was available to him during the limitations period. Without a basis for equitable or statutory tolling, Petitioner's writ should be dismissed as time barred.[5]

---

[5] In the relief sought section of the Petition, Petitioner asserts "actual innocence is to be attached" and he cites to one case in support in his attached memorandum with no argument. (D.E. 1, Page 7 and D.E. 2, Page 37). Therefore, the undersigned recommends Petitioner has not presented a sufficient actual innocence claim warranting an equitable exception to the limitations period because he has provided no sufficient evidence or additional information in support. *McQuiggins v. Perkins*, 569 U.S. 383, 386 (2013) (citation omitted) ("[T]enable actual-

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA"). A district court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

---

innocence gateway pleas are rare" and "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.")

constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. (emphasis added).

In Petitioner's case, it is recommended that the Court find his claims be dismissed on procedural grounds. Reasonable jurists would not find that Petitioner has stated a valid claim of denial of a constitutional right, or that the assessment of limitations in this case is debatable. If the District Judge orders that Petitioner's habeas petition be denied and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the Court find a COA be denied because he has not made the necessary showing for issuance.

## V. RECOMMENDATION

Because there is no evidence that an extraordinary circumstance actually prevented Petitioner from filing a timely federal petition, the undersigned **RECOMMENDS** he is not entitled to equitable tolling and his petition is untimely. Therefore, it is respectfully **RECOMMENDED** that the Court **GRANT** Respondent's Motion for Summary Judgment (D.E. 19) and **DISMISS** this action as time barred. The undersigned further **RECOMMENDS** the Court **DENY** a Certificate of Appealability.

Respectfully submitted this 1st day of October, 2021.

_____
Jason B. Libby
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).