UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| KEVIN PAUL CARTER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 6:21-CV-00031 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER
## ACCEPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is the October 1, 2021 Memorandum and Recommendation ("M&R") signed by Magistrate Judge Jason B. Libby. (Dkt. No. 20). In the M&R, Magistrate Judge Libby recommends that the Court (1) grant Respondent Bobby Lumpkin's Motion for Summary Judgment; (2) dismiss as untimely *pro se* Petitioner Kevin Paul Carter's petition for writ of habeas corpus under 28 U.S.C. § 2254; and (3) deny a certificate of appealability. Carter did not file a response to the Motion for Summary Judgment.[1]  *See* (Dkt. No. 30).

The Parties received proper notice and the opportunity to object to the proposed findings and recommendations.[2]  *See* 28 U.S.C. § 636(b)(1). Carter filed timely objections despite the fact that he did not respond to the Motion for Summary Judgment. (Dkt. No.

---

[1]  "Failure to respond to a motion will be taken as a representation of no opposition." Southern District of Texas Local Rule 7.4.

[2]  Rule 72 normally governs review of a magistrate judge's M&R. The comment to Rule 72 of the Federal Rules of Civil Procedure, however, states that Rule 72 is inapplicable in the habeas corpus context.  *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition; *accord Nara v. Frank*, 488 F.3d 187, 195 (3d Cir. 2007).

28). As a result, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). But a petitioner does not raise an objection "by merely reurging arguments contained in the original petition." *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993). Relevant here, a court must liberally construe a *pro se* document. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam).

The Court has conducted *de novo* review of those portions of the M&R to which Carter specifically objects. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Based on this review and for the reasons that follow, the Court **ACCEPTS** the M&R.

I.  **REVIEW OF THE OBJECTIONS**

Carter raises two primary objections.[3] First, he contends that Magistrate Judge Libby miscalculated the 28 U.S.C. § 2244(d)(1) statute of limitations and applicable tolling periods by failing to account for the prison mailbox rule. (Dkt. No. 28 at 1). Carter claims that when the prison mailbox rule is applied to the filing of his original state habeas petition, his motion to reconsider, and his subsequent state habeas petition—as well as

---

[3] Carter raises an argument that is irrelevant to the threshold question of whether his habeas petition is barred by the statute of limitations. Specifically, Carter contends that the state court's adjudication of his claims resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented under Section 2254(d)(2). (Dkt. No. 28 at 2). As the Court explains here, however, Carter's habeas petition is barred by the statute of limitations. The Court therefore should not reach the merits.

Carter also requests an evidentiary hearing. (*Id.*). But he fails to identify any disputed facts that, if resolved in his favor, would entitle him to habeas relief. *See Norman v. Stephens*, 817 F.3d 226, 235 (5th Cir. 2016). By his own admission, Carter needs equitable tolling to apply to timely file his habeas petition. But he does not identify any basis for an evidentiary hearing to resolve his request for equitable tolling. Thus, an evidentiary hearing is unnecessary.

his receipt of the state-court decisions on those filings—his federal habeas petition was only 44 days late, not seven months late. (*Id.* at 1–2).

Carter also contends that Magistrate Judge Libby erred by concluding that the prison restrictions stemming from the COVID-19 pandemic did not necessitate equitable tolling of the statute of limitations. (*Id.* at 2). He claims that the prison "went into a full medically restricted lockdown, to which offenders were locked in a cell 24-hrs. a day without contact from others or [objects] other than what the medical department deemed necessary." (*Id.*). He claims that he had no access to the law library, legal materials, or the courts. (*Id.*). Carter argues that filing his federal habeas petition only 44 days late under these circumstances was reasonable and entitles him to equitable tolling of the Section 2244(d)(1) statute of limitations. (*Id.*). The Court disagrees.

## II.  DISCUSSION

Equitable tolling is proper when an inmate "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010). "[N]either 'excusable neglect' nor ignorance of the law is sufficient to justify equitable tolling." *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002). Assuming without deciding that Carter's federal habeas petition was filed only 44 days late, equitable tolling still does not apply here. Thus, Carter's petition is untimely.

The Fifth Circuit has held that missing the deadline by only a few days, alone, is insufficient for equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 264–65 & n.16 (5th Cir. 2002). Further, the restrictions and limitations Carter faced due to the COVID-19

3

pandemic do not warrant equitable tolling of the statute of limitations in this case for the reasons Magistrate Judge Libby explained in the M&R. (Dkt. No. 20 at 6–9). The Court need not restate those reasons here.[4] *See Edmond*, 8 F.3d at 293 n.7 (A petitioner does not raise an objection "by merely reurging arguments contained in the original petition."). The Court overrules these objections. Because equitable tolling does not apply, Carter's Section 2254 habeas petition is barred by the statute of limitations.

## III. CONCLUSION

For the foregoing reasons, the Court **ACCEPTS** the M&R as the opinion of the Court. Accordingly, the Court **GRANTS** Respondent Bobby Lumpkin's Motion for Summary Judgment. (Dkt. No. 19). The Court further **DISMISSES WITH PREJUDICE** Petitioner Kevin Paul Carter's habeas petition under 28 U.S.C. § 2254 as untimely. (Dkt. No. 1). The Court further **DENIES** a certificate of appealability.

It is SO ORDERED.

Signed on March 26, 2022.

*/s/ Drew B. Tipton*
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

---

[4] Carter's objections with respect to the restrictions and limitations posed by the COVID-19 pandemic fail to demonstrate that he is entitled to equitable tolling for the same reasons his COVID-19 arguments in his original petition are insufficient. *Compare* (Dkt. No. 28 at 2) *with* (Dkt. No. 1 at 9). Carter does not explain how he has been pursuing his rights diligently or that an extraordinary circumstance prevented his timely filing. *See Holland*, 560 U.S. at 649, 130 S.Ct. at 2562. He merely argues that he did not have access to materials. But, as Magistrate Judge Libby explains, a petitioner can still file a habeas petition without access to legal materials. There are no allegations that Carter was prevented from filing.