United States District Court
Southern District of Texas
**ENTERED**
August 01, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| **KEVIN PAUL CARTER,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | Civil Case No. 6:21-CV-00031 |
| | § | |
| **BOBBY LUMPKIN,** | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER
ACCEPTING MEMORANDUM AND RECOMMENDATION**

Pending before the Court is the July 7, 2022 Memorandum and Recommendation ("M&R") signed by Magistrate Judge Jason B. Libby. (Dkt. No. 45). In the M&R, Magistrate Judge Libby recommends that the Court deny Petitioner Kevin Paul Carter's Motion for Issuance of a Certificate of Appealability ("COA") because: (1) a COA has previously been denied by this Court; (2) Carter's current motion raises no new issues and fails to address the timeliness of his federal habeas petition under 28 U.S.C. § 2254; and (3) Carter has not made a substantial showing of the denial of a constitutional right and that the assessment of limitations in this case is debatable, so as to entitle him to a COA.

**I.     I. LEGAL STANDARD**

The Parties received proper notice and the opportunity to object to the proposed findings and recommendations.[1] *See* 28 U.S.C. § 636(b)(1). Carter filed timely objections. (Dkt. No. 51). As a result, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). But a petitioner does not raise an objection "by merely reurging arguments contained in the original petition." *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993). Relevant here, a court must liberally construe a *pro se* document. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

The Court has conducted *de novo* review of those portions of the M&R to which Carter specifically objects. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Based on this review and for the reasons that follow, the Court ACCEPTS the M&R.

**II.    REVIEW OF THE OBJECTIONS**

Carter objects to the M&R, arguing that he should be allowed to present the claims raised in his habeas petition to the Fifth Circuit because his trial counsel had a conflict of interest and attempted to withdraw from the case.

---

[1] Rule 72 normally governs review of a magistrate judge's M&R. The comment to Rule 72 of the Federal Rules of Civil Procedure, however, states that Rule 72 is inapplicable in the habeas corpus context. *See* FED. R. CIV. P. 72(b) advisory committee's note to 1983 addition; *accord Nara v. Frank*, 488 F.3d 187, 195 (3d Cir. 2007).

**III.    DISCUSSION**

"The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003).  As to claims the Court rejects solely on procedural grounds, the petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000) (emphasis added); *see also* 28 U.S.C. § 2253(c)(2).

Carter's habeas petition was dismissed as untimely, and he was denied a COA. The M&R recommends that the Court again deny a COA because Carter raises no new issues, but instead reasserts the same arguments raised in his habeas petition, as well as other arguments related to alleged deficiencies in his underlying criminal case, without addressing the timeliness of his habeas petition.  His lone objection to the M&R repeats the complaints contained in his motion for a COA regarding his counsel's alleged conflict of interest and similarly fails to address the timeliness of his habeas petition.  On this record, the Court agrees with the M&R's conclusion that reasonable jurists would not find that Petitioner has stated a valid claim of denial of a constitutional right or that the assessment of limitations in this case is debatable, so as to entitle him to a COA.

## IV.  CONCLUSION

For the foregoing reasons, the Court **ACCEPTS** the M&R (Dkt. No. 45) as the opinion of the Court and **DENIES** Carter's Motion for Issuance of a Certificate of Appealability (Dkt. No. 39).

It is SO ORDERED.

Signed on August 1, 2022.

                                              _/s/ Drew B. Tipton_
                                              **DREW B. TIPTON**
                                      **UNITED STATES DISTRICT JUDGE**